**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 5 2026

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JUSTIN MacHENRY**                                                          **PLAINTIFF**

v.                                CASE NO. __4:26-cv-126-BSM__

**COLIN LILLARD,**
**In His Individual Capacity**                                              **DEFENDANT**

### NOTICE OF REMOVAL

COMES now the Defendant, Colin Lillard, in his individual capacity, by and through his attorney, M. Keith Wren, and for his Notice of Removal, states:

1.      Plaintiff filed his Complaint on December 8, 2025, in the Circuit Court of Pope County, Arkansas, Case No. 58CV-25-895. The named Defendant is Colin Lillard, in his individual capacity.

2.      Defendant filed an Answer on February 4, 2026. Defendant has simultaneously filed a Notice of Parties and State Court of Removal with the Circuit Court of Pope County, Arkansas, pursuant to 28 U.S.C. §1446(d).

3.      Plaintiff's Complaint alleges claims pursuant to 42 U.S.C. §1983 and 1988, as well as state law claims and Arkansas Civil Rights Act violations.

4.      28 U.S.C. §1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court.  Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. §1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over statutory causes of action arising under federal law.  Plaintiff's Complaint clearly states a claim that arises under the laws of the United

This case assigned to District Judge __Miller__
and to Magistrate Judge__Harris__

States. Thus, original federal jurisdiction is vested pursuant to 28 U.S.C. §1331 and removal is proper under the federal removal statutes.

5.    Venue is proper in this Court.

6.    A true and correct copy of the pleadings filed in this case are attached hereto as Exhibit "A" and incorporated herein by this reference, these constituting all process, pleadings and orders which have been served on Defendant. The Answer filed on behalf of Defendant is also attached hereto as Exhibit "B" for the convenience of the Court.

7.    Pursuant to 28 U.S.C. §1446, Defendant hereby gives notice of the removal of this action from the Circuit Court of Pope County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division.

**WHEREFORE**, Defendant prays that this action be removed from the Circuit Court of Pope County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division, in accordance with 28 U.S.C. §1331, §1441 and §1446, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,
COLIN LILLARD
Individually

DEFENDANT

BY:_____
M. Keith Wren #94107
Attorney for Defendants
P.O. Box 38
North Little Rock, AR 72115-0038
Phone: (501) 374-3484, ext. 163
Email: mkwren@arml.org

2

## CERTIFICATE OF SERVICE

I, M. Keith Wren, hereby certify that on February 4, 2026, that a true and correct copy of the above and foregoing has been served upon the attorney of record as referenced below, via e-mail:

W. Whitfield Hyman
King Law Group
300 N. 6th Street
Fort Smith, AR 72901
Tel:    (479) 782-1125
Fax:    (479) 316-2252
Hyman@arkansaslawking.com

M. Keith Wren #94107

ELECTRONICALLY FILED
Pope County Circuit Court
Rachel Oertling, Circuit Clerk
2025-Dec-08  14:06:19
58CV-25-895
C05D03 : 27 Pages

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS

CIVIL DIVISION

JUSTIN MACHENRY                                     PLAINTIFF

vs.                        Case No.

COLIN LILLARD,                                      DEFENDANT

In His Individual Capacity

## COMPLAINT

**COMES NOW** the Plaintiff Justin MacHenry, represented by attorney W. Whitfield Hyman, with King Law Group, PLLC, for their complaint state the following:

### PARTIES AND JURISDICTION

1. This is an action to redress wrongs for the deprivation of Plaintiff's rights under the statutes and constitution of the State of Arkansas. This court has jurisdiction over the subject matter.

2. The Plaintiff is a resident of Arkansas.

3. Defendant Colin Lillard has been, at all times relevant to the acts and omissions from which the complaint arises, a resident of Arkansas and a law

1



enforcement officer with The City of Dover's Marshals, the City's police department, as a captain.

4. Colin Lillard is hereby sued in his individual capacity. He is subject to the jurisdiction of this court.

5. The events, transactions, or occurrences out of which form the basis of this cause of action arose substantially or exclusively in Pope County, Arkansas, Venue is proper herein.

6. This Court also has supplemental, collateral, and pendant jurisdiction over the federal statutory and constitutional violation claims under USC 42 Section 1983 and 1988.

## FACTUAL BACKGROUND

7. On or about December 9th, 2024, Justin MacHenry (hereinafter "Mr. MacHenry") went to the Dover, Arkansas City Hall to submit a FOIA request and speak to a Dover Marshal.

8. He later engaged in a peaceful protest of the arrest of Cody Duos by Captain Lillard after the police refused to speak with him.

9. Approximately four (4) other people were in attendance.

10. Lillard is well over 6 feet and sturdily built and weighed approximately 225 pounds or more, MacHenry is 5'9 and weighed 170.

11. A few days prior to Mr. MacHenry's arrest, on December 5th, 2024, another individual by the name of Cody Duos had been blatantly illegally arrested by Captain Lillard.

12. Captain Lillard arrested Mr. Duos for muttering "back the fuck up off me" when leaving Dover City Hall, in response to Captain Lillard violating Mr. Duos' personal space and forcefully escorting him out of the City Hall.

13. As a result of Duos' arrest, MacHenry went to Dover, Arkansas to FOIA the records about that arrest and speak to a Dover Marshal on December 9th, 2024.

14. At first Justin MacHenry went inside to make a freedom of information act request for the police report and video of the arrest of Cody Duos.

15. MacHenry also requested to speak to a Marshal but was denied.

16. Simultaneously but outside .9 miles away, in the parking lot of a restaurant named El Barrio, Lillard approaches Cody Duos' brother's parked truck.

17. The truck is driven by Dylan and Cody is a passenger.

18. Lillard tells Dylan that he could write him up because the decals on Dylan's work truck are illegal.

19. Cody Duos then flips Lillard off, and Captain Lillard illegally states that if Duos does that again he will go back to jail for doing that in a public space.

20. Cody Duos was inside of the car at that point.

3

21. Lillard then returns to the City Hall/Police department building.

22. MacHenry then grabs his ID from his car and gives it to the clerks as the Clerks had requested it from him.

23. MacHenry could see Lillard behind the glass waving at him.

24. MacHenry made the FOIA request and left the building to go to the side of the road with his sign.

25. The Duos brothers then return to City Hall and inform Justin MacHenry about what Lillard had just done.

26. Dylan tells MacHenry that Dylan will not go back over to City Hall because Lillard is acting aggressive.

27. MacHenry responds that Lillard is about to see that MacHenry's sign is bigger than Cody's finger.

28. After that, Justin MacHenry leaves the City Hall and was walking around with a sign that said "Fuck Dover Marshals" in the parking lot of the Dover City Hall.

29. After standing by the street in front of City Hall for a bit with the sign, MacHenry then walks over towards Lillard's police car alone.

30. This police car was one of three cop cars in the almost empty parking lot.

31. The other protesters remain at the other end of City Hall.

32. Lillard's police car has no vehicles that are parked adjacent.

4

33. MacHenry then records Lillard's vehicle through the window.

34. While doing this, nobody is outside of City Hall except Justin MacHenry and MacHenry's friends and fellow protesters.

35. During the entirety of all the following interactions until said otherwise, MacHenry's hands are full of a camera and the sign.

36. Then, Captain Lillard exits Dover City Hall and yells "get your hands off the car son" to which MacHenry responds "I never touched your car son."

37. Lillard is in a police uniform, armed with a gun and a badge and was on duty for the Dover City Marshals.

38. The videos corroborate MacHenry's position that he never laid hands on the vehicle.

39. Lillard asked that MacHenry to step away from the car while MacHenry was taking a video, MacHenry declined to do so.

40. MacHenry said "I don't have to do shit…I'm good…I'm straight."

41. MacHenry then calls Lillard a coward for arresting people who say fuck.

42. Lillard responds that saying fuck "is Disorderly Conduct if said in the right context in the right place."

43. At this point, another protester comes into an adjacent parking spot and is also recording, while occasionally softly speaking throughout this entire interaction, but the other poster ignored by both Lillard and MacHenry.

44. MacHenry disagrees and offers to tell Lillard things [case law] to look up.

45. Lillard responds that he knows the case law on it.

46. MacHenry asks "What is it then, then why did you arrest someone over it if you know the case law?"

47. Lillard responds, "if it is in a public place."

48. MacHenry responds that the language is allowed to be in a public place and references Cohen v. California.

49. Lillard dismisses MacHenry with an "alright, alright," then turns his back to MacHenry and walks from the front driver's side door to the front of the car.

50. MacHenry repeats himself, and Lillard turns around and waves his hand dismissively and raises his voice while saying "Hey!"

51. At that point MacHenry calls Lillard a "fucking dumbass."

52. With a smile on his face, Lillard tells MacHenry to "have your fun" and again turns his back on MacHenry to walk away.

53. MacHenry then calls Lillard a "fucking dumbass ignorant piece of shit who arrests fucking free Americans for saying fuck."

54. While saying that last line, immediately after saying "free Americans" MacHenry followed Lillard for less than the width of a parking space.

55. Before MacHenry is able to say "... for saying fuck" Lillard swiftly and angrily lunges at MacHenry getting in MacHenry's face, telling MacHenry "you better back off buddy, you better back off."

56. Lillard lunging at MacHenry and getting in MacHenry's face constituted an assault on MacHenry.

57. Lillard says, "I'm here at City Hall!" and audibly blows his breath onto MacHenry's face.

58.  MacHenry responds, "You stepped to me! You have bad fucking breath get the fuck out of my face."

59. Lillard says, "It's nice ain't it?" to which MacHenry responds "You're a coward little bitch...

60. Lillard tells MacHenry "Bring it man" to which MacHenry responds "You're a coward anti-American bitch."

61. "Lillard says "You don't even know," to which MacHenry responds "you're anti-freedom, you ain't fuckin nothin'."

62. Lillard half turns around and begins to walk away towards the door to City Hall.

63. Lillard then asks MacHenry "Why y'all hate on cops?" and begins to slowly walk about ten more feet while MacHenry answers.

7

64. MacHenry answers "No, I like cops, I don't like pieces of shit like you, I don't like coward fucking pieces of shit like you. Lillard you're a fucking coward, learn what the fucking law is Lillard."

65. During MacHenry's last answer, Lillard turns around smiles and continues to wave dismissively while walking another ten feet to the door.

66. Another protester walked up at this point and is recording from about twenty feet away.

67. Lillard responds smugly, "Ok thanks. Thank you, thank you."

68. MacHenry says "Look up Cohen v. California."

69. Lillard replies taking a few steps towards MacHenry "I appreciate the advice there buddy" punctuating it with a softly forced laugh.

70. Lillard then turns back around and goes back up to the City Hall door while MacHenry continues "look up Thurairajah v. Fort Smith right here in Arkansas, Thurairajah v. Fort Smith, right here in Arkansas you dumbass."

71. As Lillard closes the door behind him to City Hall, MacHenry says "you're a fucking loser."

72. MacHenry then walks back towards the parking lot and the third person who last arrived at this part of the sidewalk was recording smiles and says thank you to MacHenry.

73. The entire interaction from the moment Lillard is heard opening the door to City Hall from the moment he can be seen closing the door lasts one minute and thirty-five seconds.

74. MacHenry then goes back to recording from the outside of Lillard's car windows peering in for less than 30 seconds.

75. Then Lillard reemerges and walks towards the driver's side of his car.

76. MacHenry says to Lillard "Loser bitch right here, loser bitch, anti-American" to which Lillard retorts "yeah I'm looking at one right now" (while gazing at MacHenry and manipulating car keys).

77. MacHenry continues "Anti-freedom loser bitch who arrests people because they said a bad word in public. Who the fuck does that besides a loser like you?"

78. To which Lillard responds with a smile "Hey! get a job" as he gets into the car and closes the door.

79. MacHenry responds, "Get a job? How about you get a different job because you don't know how to do yours. You don't arrest people for saying fuck!"

80. MacHenry is standing outside the driver's side door when Lillard rolls down the window and says "Hey back off bud" to which MacHenry immediately complies.

81. MacHenry is speaking during that sentence and says, "You don't arrest anyone for saying fuck."

82. Lillard continues "I gotta back up" while backing the car up.

83. "Do it again motherfucker and watch what happens, you're done, you're done."

84. Lillard waves goodbye and pulls his car completely out to where the passenger side door is now facing MacHenry and MacHenry says "keep waving bro, you're done. It's over for you!"

85. During MacHenry's last sentence, Lillard rolls down the passenger side window and says, "I wouldn't hold my breath" and drives off.

86. When Lillard is halfway across the parking lot MacHenry shouts, "Keep driving you coward!"

87. That entire interaction from Lillard exiting City Hall to Lillard driving away lasted 37 seconds.

88. During this time, it appears that Lillard goes to check the tags and insurance on Cody Duos' brother's truck.

89. The truck was parked nearby about two parking lots away.

90. Lillard then returns two minutes and 11 seconds later.

91. MacHenry sees Lillard park his car and calls out to him from beside the street in front of City Hall "Oh what a little tyrant! You're a fucking tyrant!"

92. Then MacHenry slowly walks towards Lillard who is talking with another protester while walking back to that same door and says, "You're trash, you're trash, you're trash, why did you just do that? (in reference to going over to the Dylan Duos' car)"

93. Lillard responds, "Hey this is a one-on-one conversation."

94. They repeat themselves.

95. "Because you're a tyrant? Because you're trash?" MacHenry says to Lillard.

96. "Do you want to come in?" To the other protester.

97. "Sure" responds the other protester, while MacHenry says "yeah you just went and did that to try and intimidate the public. That's all you did it for."

98. The other protester and Lillard enter City Hall together.

99. Then Lillard closes the door to City Hall and MacHenry finishes his sentence "you dumbass" and MacHenry walks away.

100. About two and a half minutes pass and another person pulled into the parking lot to ask what's going on, and they say they have had negative experiences with the Dover Marshals and appear to support the protest.

101. MacHenry reenters City Hall after his verbal exchange with Captain Lillard, and has a sign in his hands that says, "Fuck Dover Marshals."

11

102.    At that point, a clerk by the name of Christina Walker calls out to Mr. MacHenry and illegally says to him "Sir, no profanity."

103.    A conversation ensues between MacHenry and Walker, where MacHenry explains that it is his right to carry the sign and tells her to pull up the case Cohen v. California, 403 U.S. 15, 25, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971).

104.    This conversation lasts less than 50 seconds until interrupted by Lillard.

105.    However, the Clerks were the ones that engaged with Mr. MacHenry, Mr. MacHenry had a right to be present, had a right to have the sign, and had a right to record.

106.    Lillard interrupts the conversation and says, "Hey Hey Listen they aren't law enforcement they do nothing man y'all can do that to me all you want but don't come up here and harass these ladies."

107.    During this interruption MacHenry and Lillard walk towards each other inside of City Hall.

108.    "I wasn't doing nothing to her" says MacHenry.

109.    "Don't harass the ladies" Lillard repeats, and MacHenry responds "I wasn't."

110.    MacHenry continues to walk further away from the clerks.

12

111.   Lillard addressed the clerks "Are they making y'all uncomfortable?"

112.   "Yes, they're scaring me" Christina Walker responded.

113.   "Okay" Lillard says, and MacHenry reiterates "I'm not doing anything."

114.   Lillard calmly requests "Yeah, um, Okay, here ya go, umm listen just take your protest outside, they're trying to work in here."

115.   However, when requesting this, Lillard is blocking MacHenry from the way out of the building.

116.   Lillard turns his body into a blade and outstretches his right arm to reach for MacHenry and puts his arm around MacHenry as if to place his hand on MacHenry's back.

117.   "Cohen v. California…. Do not touch me." MacHenry responds.

118.   "Well dude, dude" Lillard states while walking toward MacHenry, during which MacHenry takes a couple steps back while restating "Do not touch me."

119.   "Listen you need to" Lillard continues.

120.   "Cohen v. California was inside city hall, that's what I'm doing." MacHenry says.

121.   "Well go do it in California man" says Lillard.

122. "No that's a Supreme Court case rule for…" MacHenry exasperatingly sputters out.

123. Lillard says, "I understand."

124. "For the whole United States bro." MacHenry continues.

125. "Okay" Lillard responded while putting his arm behind MacHenry and getting into MacHenry's face.

126. MacHenry reiterated calmly "Don't touch me, get out of my fucking face too."

127. "That's what just got this last guy in jail" Lillard warned.

128. "Good do it." MacHenry says, "We got ladies here that are not law enforcement" Lillard says.

129. "It doesn't matter, it's free speech bro, freedom, learn it." MacHenry responded.

130. "Listen dude I listen I appreciate Listen I appreciate freedom." Lillard continues.

131. "Get out of people's face, you're making a bigger scene than I ever was." MacHenry interjected.

132. "You're up here harassing these ladies" Lillard said, which MacHenry denies "I wasn't, I walked in and she freaked out, otherwise I wasn't going

to say anything to her, before she freaked out, all I was trying to say nicely, was look up Cohen v. California, nicely."

133.    "Is this what you need to do to have meaning in your life? Really?" Lillard questioned.

134.    "Freedom?" MacHenry says, "Yes, yep absolutely."

135.    "Is this your idea of freedom?" Lillard questions.

136.    "I need freedom." MacHenry answered.

137.    "Well, when I see someone like you taking it away from people, I step in." Machenry continued.

138.    Lillard scoffed "This is why people lose their freedoms because of people like you, they don't handle them right."

139.    MacHenry says "No it's because of people like you, we would have no issue here, if you didn't step in, I wouldn't be here."

140.    "You don't understand…No you would be doing it somewhere else." Lillard says.

141.    "If they did what you did, I will be." MacHenry proudly states.

142.    "Don't touch me, get out of my face." MacHenry requests.

143.    Lillard then asks MacHenry "How about you just step back a little bit," which is odd because at this point Lillard has pressed up against

MacHenry and had walked MacHenry ten feet backwards and entered into the personal space of MacHenry's face.

144. "Stop getting in my face" requests MacHenry.

145. Lillard lowly responds while leaning into what would almost be a kiss to MacHenry, and Lillard says, "Dude I can get anywhere as close as I want."

146. MacHenry jokingly says "If you kiss me, I will make-out with you so much harder than you make-out with me."

147. MacHenry did this in order to deescalate and get Lillard to back away.

148. Lillard responds, "Wouldn't surprise me" and Lillard takes a step back and turns around.

149. "I will give you so much tongue if you do, come here baby, come here handsome." Taunted MacHenry.

150. Then Lillard turns around again to face MacHenry, smiles, opens his lips slightly, closes them again, and leans into MacHenry's face once more.

151. Lillard then begs MacHenry "Touch me, touch me" while MacHenry makes kissing noises and says, "Give me a kiss."

152. Finally, Lillard breaks free of MacHenry's gaze and goes and puts his back up against the wall.

153. MacHenry's gambit to deescalate the situation with humor prevailed.

154. A calm conversation then resumes where Lillard says he is not intimidated by the protesters, and three of the protesters ask Lillard why Cody Duos was arrested.

155. MacHenry says "Was it the word FUCK? It wasn't the word Fuck, was it?"

156. Lillard turns to the protesters and tells them to make themselves at home and then goes through a locked door.

157. The four protesters then calmly talk and joke around for a bit and then leave City Hall and hang out outside the City Hall door on the sidewalk.

158. Then Lillard comes out from City Hall and illegally arrests MacHenry.

159. MacHenry asks why and then gives his sign and cell phone camera to the other protesters nearby.

160. Lillard responds, "for Disorderly…using foul language in a public place."

161. Although MacHenry was not resisting, Lillard handcuffed MacHenry, walked him through the City Hall door, and slammed MacHenry into a door frame.

162. After MacHenry's upper body bounced off the door frame, Lillard then slammed MacHenry face first into a glass window.

163.    Lillard then grabs the back of MacHenry's head and forcefully pushes MacHenry's face into the window.

164.    Then Lillard kicks MacHenry's feet out from under him senselessly and takes him to the ground, despite no resistance.

165.    This constituted battery because it caused MacHenry to have bruised gums along his teeth, a busted visibly bleeding lip.

166.    MacHenry was then taken to the back of City Hall into a room alone with Lillard.

167.    In this room, Lillard put his hands around MacHenry's neck and throat.

168.    This caused MacHenry to lose blood circulation and airflow, resulting in bruises around his neck.

169.    Right after Lillard puts his hands on MacHenry's neck, Lillard offers first aid to MacHenry for his lip.

170.    Out of fear, MacHenry declines to receive medical care from Lillard.

171.    Nothing else happened in that office, not even questioning.

172.    This act by Lillard constituted aggravated felony assault.

173.    Lillard then instituted a Disorderly Conduct charge against MacHenry and later added an Obstruction of Governmental Operations charge.

174. MacHenry and Lillard continue to bicker on the way to the Johnson County Jail.

175. Lillard exited the road and parked in a parking lot or rest stop.

176. Lillard then got out of the vehicle and opened up MacHenry's door and got in MacHenry's face in a threatening manner.

177. MacHenry could not bite with his front teeth for two weeks because they were so sore.

178. MacHenry went to the dentist twice to find out if he had a cracked tooth caused by the incident because the area was so tender.

179. The dentist informed MacHenry that he would need to do two x-rays because a cracked tooth would possibly not show up on an x-ray until some time had passed.

180. The dentist diagnosed MacHenry with a sprained or bruised tooth, a busted lip.

181. MacHenry had bruises all over his arms and neck from the interaction with Lillard.

182. MacHenry then posted a series of internet videos exposing Lillard for Duos' arrest as well as MacHenry's.

183.    These videos went viral, resulting in the City of Dover to delete and eventually disable comments on their Facebook page from people angry towards Dover about what they saw.

184.    On or about 12/21/2024 Colin Lillard's son, Reagan, angry about the backlash towards his father, called MacHenry.

185.    During this conversation with MacHenry, Reagan threatened MacHenry's life.

186.    Reagan told MacHenry he knows where he lives and knows his phone number.

187.    MacHenry asked what Reagan planned to do with that information, to which Reagan replied, "Come to your house and shoot you in the head."

188.    MacHenry believes that Reagan obtained his phone number from Lillard, because Machenry had provided it to law enforcement at the jail or after his arrest.

189.    Cody Duos' charges were subsequently nolle prosecuted or dismissed by the City of Dover.

190.    MacHenry has had to pay criminal defense attorney fees, as well as appeal fees from District Court to Circuit, incur mileage on his vehicle, pay for gas to and from court, been embarrassed by the incident, and had to

attend court hearings and lawyer meetings as opposed to engaging in business ventures or leisure activities.

191.    The foregoing allegations of fact are incorporated into each successive count that follows.

## COUNTS ONE THROUGH EIGHT

## DEFENDANT LILLARD'S INDIVIDUAL LIABILITY FOR VIOLATING STATE AND FEDERAL CIVIL RIGHTS

192.    As a free citizen and subsequently a pretrial detainee MacHenry had a fundamental liberty interest in free speech, to be free from the excessive force, unlawful seizures or unlawful arrests, and deprivation of liberty without due process of law brought upon him by defendant Lillard, as established by the Arkansas Constitution, Article 2, Sections 2, 6, 8, and, 21 which each proscribe those four civil rights violations.

193.    Count 1 is the Section 2 violation, Count 2 is the Section 6 violation, Count 3 is the Section 8 violation, Count 4 is the Section 21 violation, Count 5 is the 4th amendment right to be free from unlawful searches, seizures, and illegal arrests, Count 6 is the 4th amendment excessive force violation, Count 7 is the right to due process violation under the 14th amendment, and count 8 is the first amendment retaliatory arrest violation.

21

194.    Defendant Lillard's malicious and purposefully harmful infliction of harm upon the plaintiff was so outrageous and egregious as to shock the contemporary conscience.

195.    Defendant Lillard's actions constitute state action under color of law, and those actions resulted in damages to the plaintiff which included temporary and long-lasting physical injury, physical pain and suffering, and mental anguish.

196.    Defendant Lillard is individually liable under A.C.A. 16-123-105 and USC 42 Section 1983 and 1988 for all nominal and compensatory damages he has caused the plaintiff to have sustained.

197.    Mr. MacHenry had a right to freedom of speech, to be free from excessive force, unlawful seizures and arrests, and due process under the 1st, 4th, 5th, and 14th amendments of the United States Constitution.

198.    Mr. MacHenry's rights to not be arrested for his freedom of speech, criticizing government, not to be beaten by a law enforcement officer while handcuffed for no reason during his arrest, and subsequent confinement, were clearly established at the time, and thus the defense of qualified immunity is not available to Defendant Lillard.

199.    By choking Mr. MacHenry while MacHenry was restrained, Defendant Lillard engaged in the kind of coercion and intimidation proscribed by A.C.A. 16-123-108.

200.    Accordingly, Mr. MacHenry is entitled to recover from Defendant Lillard compensatory and punitive damages, and, at the discretion of the court, to recover the cost of litigation and a reasonable attorney's fee.

201.    Defendant Lillard's actions were done with malice and in wanton disregard for the harm his actions caused the plaintiff, for which Defendant Lillard is liable for punitive damages.

202.    Ark. Code 16-123-108 provides that it is unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by Arkansas Constitution.

203.    Ark. Code 16-123-108 provides for an automatic punitive damages instruction for interference with civil rights.

204.    Lillard interfered with MacHenry's civil rights by stopping his protest and chilling MacHenry from coming back to continue his protest at a later date, which MacHenry desired to do.

205.    Even if MacHenry were to want to come back and protest differently, he has been scared away from doing so by not only the arrest but also the physical abuse laid upon him by Lillard.

## COUNT 9

## COMMON LAW ASSAULT

206.    Defendant Lillard created a reasonable apprehension of imminent harmful contact when he lunged at MacHenry outside of City Hall and also when he unlawfully grabbed onto MacHenry inside of City Hall.

207.    MacHenry as a result had a reasonable apprehension of imminent harmful or offensive contact.

208.    Lillard intended to cause such apprehension or contact as is evidenced by his actions, tone, demeanor, and statements.

209.    MacHenry did not consent to this contact.

210.    Lillard's actions were objectively unreasonable.

211.    Therefore, Defendant Lillard is liable for common law assault.

212.    Plaintiff requests actual damages, compensatory damages, and punitive damages.

## COUNT 10

## COMMON LAW BATTERY

24

213. Lillard intended to cause harmful or offensive contact with a handcuffed MacHenry by slamming his face against a door frame, glass window, bruise and sweeping his legs out from underneath him.

214. This contact resulted in a variety of injuries to MacHenry.

215. This contact was objectively unreasonable.

216. The harmful or offensive contact occurred, and it resulted in damages to MacHenry.

217. Therefore, Defendant Lillard is liable for common law battery.

218. Plaintiff requests actual damages, compensatory damages, and punitive damages.

## COUNT 11

## CIVIL ACTION BY CRIME VICTIM - AGGRAVATED ASSAULT

219. Arkansas Code Annotated § 5-13-204(a)(3) provides that a person commits aggravated assault, a felony, if, under circumstances manifesting extreme indifference to the value of human life, he or she purposely impedes or prevents the respiration of another person or the circulation of another person's blood by applying pressure on the chest, throat, or neck or by blocking the nose or mouth of the other person.

220. When Lillard choked a handcuffed MacHenry alone in an office to the point where MacHenry's airways were partially obstructed and blood

circulation was interrupted, as evidenced by bruising, he meets the elements of this felony.

221. A victim of a felony in Arkansas may file a civil action against the person who committed the crime under A.C.A. 16-118-107.

222. Therefore, Defendant Lillard is liable under A.C.A. 16-118-107.

223. Plaintiff therefore requests attorney fees, costs, actual damages, compensatory damages, and punitive damages.

224. That process issue according to law.

225. That this matter be tried before a jury.

226. That the court cast judgment against defendant under the Arkansas Civil Rights Act, the Federal Civil Rights Act, the Civil Action by Crime Victim act, Assault, and Battery, and that the court award MacHenry nominal, compensatory, and punitive damages.

227. That the court grant the Plaintiff's reasonable attorney's fees and costs.

228. That the court grant the Plaintiff any further relief that is equitable and appropriate.

W. Whitfield Hyman (#2013-237)

King Law Group

300 N. 6th Street

Fort Smith, AR 72901

Tel. (479) 782-1125

Fax: (479) 316-2252

Hyman@arkansaslawking.com

27

## COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

ELECTRONICALLY FILED
Pope County Circuit Court
Rachel Oertling, Circuit Clerk
2025-Dec-08 14:06:19
58CV-25-895
C05D03 : 1 Page

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at https://courts. arkansas. gov.

**County:** Pope          **District:** _____          **Filing Date:** 12/8/2025

**Judge:** _____          **Division:** _____          **Case ID:** _____

### Type of case (select one that best describes the subject matter)

**Torts**
- □ (NM) Automobile
- ☑ (IT) Intentional
- □ (MP) Malpractice – Medical
- □ (MO) Malpractice – Other
- □ (LP) Premises – Liability
- □ (PL) Product Liability
- □ (DF) Slander/Libel/ Defamation
- ☑ (OD) Torts – Other

**Contracts**
- □ (BP) Buyer Plaintiff
- □ (EM) Employment Discrimination
- □ (EO) Employment – Other
- □ (DO) Seller Plaintiff (Debt Collection)
- □ (OC) Contract – Other

**Real Property**
- □ (CD) Condemnation/Eminent Domain
- □ (UD) Landlord/Tenant – Unlawful Detainer
- □ (UO) Landlord/Tenant – Other
- □ (FC) Mortgage Foreclosure
- □ (QT) Real Property – Other

**Miscellaneous Civil**
- □ (AP) Administrative Appeal
- □ (AR) Petition to Seal Arrest Record
- □ (EL) Election
- □ (FV) Foreign Judgment – Civil
- □ (FR) Fraud
- □ (IJ) Injunction
- □ (NC) Name Change
- □ (CF) Property Forfeiture
- □ (RF) Register AR Judgment
- □ (TS) Petition to Terminate Sex Offender Registration Req. - Out of State Judgment
- □ (WT) Writ - Other
- □ (OM) Civil – Other

| | Plaintiff | | Defendant |
|---|---|---|---|
| Company/ Last Name | MacHenry | Company/ Last Name | Lillard |
| Suffix | | Suffix | |
| First Name | Justin | First Name | Colin |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | □ Yes          □ No | Self-represented | □ Yes          □ No |
| DOB | | DOB | |
| Interpreter needed? | □ Yes: _____  ☑ No  (language) | Interpreter needed? | □ Yes: _____  ☑ No  (language) |

**Attorney of Record:** W. Whitfield Hyman          **Bar #:** 2013237

**For the:** ☑ Plaintiff          □ Defendant          □ Intervenor          **Email Address:** Hyman@ArkansasLawKing. com

**Related Case(s):** Judge: Dunham          Case ID(s): 58CR-25-181

**Manner of filing (choose one):** _
- ☑ (MFO) Original
- □ (MFT) Transfer
- □ (MFR+case type) Re-open
- □ (MFF) Reactivate

11/15/2023

ELECTRONICALLY FILED
Pope County Circuit Court
Rachel Oertling, Circuit Clerk
2026-Feb-04  15:46:24
58CV-25-895
C05D03 : 3 Pages

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

JUSTIN MacHENRY                                                    PLAINTIFF

v.                                    CASE NO. 58CV-25-895

COLIN LILLARD,
In His Individual Capacity                                        DEFENDANT

## ANSWER

COMES now the Defendant, Colin Lillard, in his individual capacity, by and through his attorney, M. Keith Wren, and for his Answer, states:

1. Any allegation not specifically admitted herein is denied.

2. Paragraph 1 is not factual in nature and, therefore, does not require a response. To the extent a response is required, it is denied. Defendant has no objection to jurisdiction.

3. Concerning paragraph 2, Defendant is without sufficient knowledge to admit or deny the residency of the Plaintiff and, therefore, denies same.

4. Paragraph 3 is admitted.

5. Paragraph 4 is not factual in nature and, therefore, does not require a response. Defendant does not object to this Court's jurisdiction.

6. Paragraph 5 is admitted.

7. Paragraph 6 is not factual in nature and, therefore, does not require a response. Defendant does not object to this Court's jurisdiction.

8. Defendant denies, generally, paragraphs 7 through 228.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Separate Defendants assert all applicable statutes of limitation.


EXHIBIT
B

1

3.  Separate Defendants are entitled to statutory immunity pursuant to Ark. Code Ann. § 21-9-301 to the extent any state tort or violation of the Arkansas Civil Rights Act is alleged.

4.  Separate Defendants avail themselves of all applicable state and federal immunities, available in any capacity, including, but not limited to, statutory, absolute, qualified, sovereign, good faith, and quasi-judicial immunity.

5.  Separate Defendants assert that, to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

6.  Plaintiff's claims are barred by accord and satisfaction and/or settlement and release.

7.  Plaintiff has failed to exhaust his administrative remedies.

8.  Separate Defendants plead affirmatively all defenses available to them under Rule 8(c) of the Arkansas or Federal Rules of Civil Procedure, as applicable.

Respectfully submitted,
COLIN LILLARD
Individually

**DEFENDANT**

By:    /s/ M. Keith Wren
M. Keith Wren, # 94107
P.O. Box 38
North Little Rock, AR 72115-0038
Tel:    (501) 374-3484, ext. 163
Fax:    (501) 604-5561
mkwren@arml.org

2

CERTIFICATE OF SERVICE

I, M. Keith Wren, do hereby certify that the above and foregoing has been served via e-flex, or mailed by ordinary mail with sufficient postage affixed thereon, on February 4, 2026 to:

W. Whitfield Hyman
King Law Group
300 N. 6th Street
Fort Smith, AR 72901
Tel:    (479) 782-1125
Fax:    (479) 316-2252
Hyman@arkansaslawking.com


___/s/ M. Keith Wren_____
M. Keith Wren

3