**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JUSTIN MacHENRY** **PLAINTIFF**

v. CASE NO. 4:26-CV-00126 BSM

**COLIN LILLARD** **DEFENDANT**

**INITIAL SCHEDULING ORDER**

An appearance entered by defendant(s) in this case on **February 5, 2026**.

**IT IS HEREBY ORDERED** that the following deadlines and proposals are in effect:

1. **RULE 26(f) CONFERENCE DEADLINE**: **April 15, 2026**

The parties are jointly responsible for holding their Rule 26(f) conference on or before the date specified.

2. **RULE 26(f) REPORT DUE DATE:** **April 28, 2026**

Consult FRCP 26(f) and Local Rule 26.1 for information to be included in the Rule 26(f) Report. The Report should be filed with the Clerk of the Court.

3. **PROPOSED TRIAL DATE:** **September 13, 2027**

The case will be scheduled for **JURY TRIAL** before Judge Brian S. Miller commencing at **9:30 a.m.** sometime during the week as set forth above in Courtroom 2D, Richard Sheppard Arnold United States Courthouse, 500 West Capitol, Little Rock, Arkansas 72201. Counsel are directed to state in the Rule 26(f) Report whether they agree to a six (6) member jury. If the parties do not agree, the case will be tried to a twelve (12) member jury.

4. **RULE 16(b) CONFERENCE:** Will be scheduled, if necessary.

A telephone conference will be scheduled within one week of the filing of the Rule 26(f) Report, if necessary as determined by the Court, to resolve any conflicts among the parties with the proposed trial date and deadlines, mandatory disclosures, etc. If the parties can agree on all issues in the Rule 26(f) Report and the trial date proposed by the Court, then the telephone conference will be unnecessary.

DATED: February 5, 2026

AT THE DIRECTION OF THE COURT
TAMMY H. DOWNS, CLERK

By: *Laura Bichlmeier*
Courtroom Deputy
501-604-5404

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JUSTIN MacHENRY PLAINTIFF

v. CASE NO. 4:26-CV-00126 BSM

COLIN LILLARD DEFENDANT

# PROPOSED FINAL SCHEDULING ORDER

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

## 1. TRIAL DATE

This case is scheduled for a **JURY TRIAL** before Judge Brian S. Miller commencing at **9:30 a.m.** sometime during the week of **September 13, 2027**, in Courtroom 2D, Richard Sheppard Arnold United States Courthouse, 500 West Capitol, Little Rock, Arkansas 72201. The case will be tried to a twelve member (12) jury, unless the parties stipulate to a jury of six (6) members. Counsel are directed to file by **September 8, 2027**, a statement indicating whether they agree to a six (6) member jury. If counsel wish to bring electronic devices to the courthouse for any proceeding, please note General Order No. 54.

## 2. ADDITION OF PARTIES/AMENDMENT OF PLEADINGS

Leave to add parties or amend pleadings must be sought no later than **March 22, 2027**.

## 3. DISCOVERY

Discovery should be completed no later than **April 21, 2027**. The parties may conduct discovery beyond this date if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery. All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.

A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute. Upon the filing of such motion, a response should be filed promptly. A conference call will be scheduled to resolve such matters if the Court deems it necessary.

## 4. EXPERT DISCLOSURES AND REPORTS

Case-in-chief expert disclosures, including reports, must be made by **February 19, 2027**.

Rebuttal expert disclosures, including reports, must be made by **March 22, 2027**.

These disclosures must be in writing, signed, and served. They are not filed in the Clerk's Office.

## 5. STATUS REPORT

A status report must be filed with the Clerk's office on or before **May 17, 2027**. The report must include the date and results of any settlement conference, the settlement prospects, and an estimate of the length of trial.

## 6. MOTION DEADLINE

All motions, except motions in limine, must be filed on or before **May 17, 2027**. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1. In addition, parties are directed to submit a courtesy copy of the motion for summary judgment, responses, replies, and supporting briefs and exhibits to chamber. Motions in limine must be filed on or before **September 3, 2027**, and responses must be filed five (5) calendar days thereafter. Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) provides: "Within fourteen (14) days from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities. A party moving for summary judgment will have seven (7) days to file a reply in further support of the motion." The Court may or may not wait on the filing of a reply before ruling on the motion. No surresponse or surreply will be permitted.

## 7. FORMAT OF SUMMARY JUDGMENT STATEMENT OF FACTS

In opposing a motion for summary judgment, the non-moving party shall format his or her statement of disputed (and undisputed) material facts pursuant to Local Rule 56.1. The non-moving/opposing party shall respond paragraph by paragraph to the statement of undisputed material facts submitted by the moving party. The responsive portion of the non-moving opposing party's statement shall repeat the statement verbatim as set forth in the moving party's statement and respond to it by admitting the statement or pointing out that portion of the statement, if any, he or she disputes. The non-moving/opposing party will state with particularity that portion of the allegation denied, citing to any evidentiary support for the denial. For example:

Moving Party: 1. Plaintiff began working for Defendant Employer on March 1, 2016.
Response: 1. Plaintiff admits that Plaintiff began working for Defendant Employer on March 1, 2016.

## 8. PRETRIAL DISCLOSURE SHEET [FED.R.CIV.P. 26(a)(3)]

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 with copies to the Courtroom Deputy, Laura Bichlmeier, and opposing counsel no later than **August 13, 2027**. The Court's requirement that witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

## 9. DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **August 13, 2027**. Counter-designations must be made by **August 23, 2027**. Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **August 26, 2027**, with the response due **August 30, 2027**. Depositions to be read at trial must be marked as exhibits.

**10. JURY INSTRUCTIONS AND STATEMENT OF CASE**

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court on or before **September 3, 2027**. Standard instructions from AMI, Eighth Circuit or Federal Jury Practice and Instructions (Latest Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction. A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and to opposing counsel, setting out the disagreement by the same date. Instructions must be submitted in WordPerfect or Word format electronically to bsmchambers@ared.uscourts.gov.

Each party must submit to the Court by that same date a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire, and also any proposed voir dire questions it wishes the Court to pose to the panel.

**11. STIPULATIONS**

The parties should stipulate in writing to the facts not in controversy on or before **September 8, 2027**.

**12. INTRODUCTION OF EXHIBITS**

All exhibits must be listed on the enclosed form in numerical sequence. Exhibits must be made available to all parties and reviewed by counsel prior to the trial date. The lists must be submitted to the Courtroom Deputy 30 minutes prior to trial, with notations made on the Court's copy noting exhibits to which there is an objection. The Court will receive all stipulated exhibits at the beginning of the trial.

**13. CONFLICTS OF INTEREST**

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

Please communicate with Laura Bichlmeier, Courtroom Deputy, at 501-604-5404, or laura_bichlmeier@ared.uscourts.gov, to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise Ms. Bichlmeier immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

Dated February 5, 2026

**AT THE DIRECTION OF THE COURT**
**TAMMY H. DOWNS, CLERK**

By: Laura Bichlmeier
Courtroom Deputy