**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JUSTIN MacHENRY** **PLAINTIFF**

**v.** **CASE NO: 4:26-CV-00126-BSM**

**COLIN LILLARD** **DEFENDANT**

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR STAY OF THE PROCEEDINGS**

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, 1988, and Ark. Code Ann. § 16-123-105, alleging violation of right to freedom of speech, excessive force, unlawful seizure and arrest, and deprivation of liberty without due process against Defendant. ECF No. 2. Plaintiff's allegations stem from his arrest on December 9, 2024. *Id.* Plaintiff's criminal charges include: obstructing governmental operations and disorderly conduct. See *District Court Docket Sheet in CR-24-191* filed in 58CR-25-181, attached and hereinafter referred to as *Exhibit 1*. Plaintiff has appealed that conviction in case number 58CR-25-181, *City of Dover v. Justin Alex MacHenry* and the appeal is still active and has not yet been adjudicated. *See Defendant's Motion to Wtihdraw Motion to Quash Subpeona* filed in 58CR-25-181 on February 11, 2026, attached and hereinafter referred to as *Exhibit 2.*

Plaintiff's § 1983 claims emanating from his arrest on December 9, 2024, are barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). *See Buford v. Wright*, 2011 WL 3758389 (August 25, 2011) ("Because a criminal case is pending, [Plaintiff's] claims are barred under the *Younger* abstention doctrine."). The *Younger* doctrine provides that federal courts must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Norwood*

*v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Here, the Plaintiff is challenging the validity of his arrest; an issue the Plaintiff has the opportunity to raise at his criminal trial.

The Supreme Court, in *Wallace v. Kato*, had occasion to apply this doctrine to a claim similar to the Plaintiff's:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See* [*Heck*], at 487-488, n. 8 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 730, (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck*, 512 U.S., at 487.

*Wallace v. Kato,* 549 U.S. 384, 393-394 (2007).

Here, the Plaintiff has an ongoing criminal proceeding relating to the events that give rise to Plaintiff's complaint. In addition to the criminal proceedings, the Plaintiff has filed this parallel civil action alleging causes of action for violation of right to freedom of speech, excessive force, unlawful seizure and arrest, and deprivation of liberty without due process. The Plaintiff's civil claims are related to the rulings that will likely be made in the pending criminal appeal. As such, the Defendant requests this Court stay the proceedings and administratively terminate the claims pending final disposition of the criminal charges against the Plaintiff. *See Buford, supra, citing Yamaha Motor Corp v. Stroud*, 179 F.3d 598 (8th Cir.

1999).

WHEREFORE, Defendant respectfully requests that this Court grant his Motion, and for all other just and proper relief to which he is entitled.

Respectfully submitted,

**COLIN LILLARD**

By: M. Keith Wren, # 94107
Attorney for Defendant
P.O. Box 38
North Little Rock, AR 72115
Phone: (501) 374-3484, ext. 163
E-mail: mkwren@arml.org