**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF ARKANSAS**

**CENTRAL DIVISION**

**JUSTIN MacHENRY** **PLAINTIFF**

**v. CASE NO: 4:26-CV-00126-BSM**

**COLIN LILLARD** **DEFENDANT**

**<u>PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF THE PROCEEDINGS</u>**

The Defendant completely misstates and misapplies the Younger Abstention Doctrine.

*Younger v. Harris*, 401 U.S. 37 (1971). In *Younger* a criminal defendant brought a civil rights action that sought an injunction against the prosecution from prosecuting the criminal defendant. Mr. MacHenry has not sought any such relief here. Even if Mr. MacHenry's arrest is found to be unconstitutional, the federal trial court's civil decision against a police officer in his individual capacity does not meet the criteria to compel the state trial court to reach the same findings via collateral estoppel or res judicata.

This civil case will move forward even if the arrest is found to be lawful based on the excessive force claims.

**RELEVANT STATE LAW**

Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. See *Hathcock v. Arkansas Dept. of Human Services*, 347 Ark. 819 (2002). When a criminal defendant was attempting to stay proceedings, the Arkansas Supreme Court applied a four (4) factor test, with an additional consideration:

(1) Will denying the stay undermine the party's Fifth Amendment privilege against self-incrimination;

(2) Will denying the stay expand rights of criminal discovery beyond statutory limits;

(3) Will denying the stay expose the basis of the defense to the prosecution in advance of criminal trial; or

(4) Will denying the stay otherwise prejudice the case.

Additionally, courts consider whether "delay of the noncriminal proceeding would not seriously injure the public interest." Id.

In response, MacHenry states:

(1) MacHenry willingly waives it, has already testified, and will talk about the case to anybody who will watch his YouTube channel. See Generally https://www.youtube.com/@TheRandomPatriot1

(2) Other than depositions, no extensive method exists to substantially expand discovery. However, both MacHenry and Lillard have testified under oath while court reporter transcribed.

(3) irrelevant, we waive it and we have already had one trial.

(4) Neither case will be harmed by denying the stay.

It is in the best interest of the public to resolve this civil rights case quickly, before Lillard has the opportunity to harm others in the same way he has harmed MacHenry.

**RELEVANT FEDERAL LAW**

The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings, and courts must balance competing interests when deciding whether to grant a stay. See *Alcala v. Texas Webb County*, 625 F.Supp.2d 391 (2009), and *U.S. Commodity Futures Trading Com'n v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531 (2003).

Courts recognize that "unless the proponent of a stay of a civil action pending the resolution of a related criminal matter can show that it would suffer undue prejudice or that its constitutional rights would be violated without a stay, plaintiffs should not be delayed in their efforts to diligently proceed to sustain its civil claim. *Hicks v. City of New York*, 268 F.Supp.2d 238 (2003). The principle is that "in general, absent a showing of undue prejudice upon a defendant or that potential interference with his constitutional rights warrant the stay of a civil proceeding pending the outcome of the criminal case against the defendant, there is no reason why a plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." Id. The Defendant clearly has a free lawyer from the municipal league and is generally unburdened by this civil case, that is, unless he is found to be liable for violating clearly established Constitutional rights.

When a private plaintiff rather than the government brings the civil action, courts may be less inclined to grant a stay. In *Sterling National Bank v. A-1 Hotels International*, the court denied a stay where the civil RICO action "already had been pending for eight months, and was being pursued by private plaintiff, whose interests were distinct from those of the government. *Sterling Nat. Bank v. A-1 Hotels Intern*., Inc., 175 F.Supp.2d 573 (2001). Defendant Lillard attempts to use the interest of the government here to stay the proceedings, but he is not the government, and therefore his request should be denied.

The Supreme Court has recognized that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings" *Heck v. Humphrey*, 512 U.S. 477 (1994). However, this language indicates that abstention "may be" appropriate, not that it is required. Courts retain discretion to proceed with civil cases even when related criminal proceedings are pending. See *Fidelity Nat. Title Ins. Co. of New York v. National Title Resources Corp*., 980 F.Supp. 1022 (1997).

In Plaintiff's Counsel's experience, these cases take about 5 years to resolve. Therefore, if this stay is granted, Plaintiff's counsel is going to request to amend the complaint to encompass only state claims and then request that the case be removed back to state court. Justice delayed is justice denied, and we are resolved to move forward quickly.

Wherefore, Plaintiff respectfully requests that this Court deny Defendant's motion, and for all other just and proper relief to which he is entitled.

Respectfully Submitted,

Justin MacHenry

By: W. Whitfield Hyman 2013237

Attorney for Plaintiff

300 N 6th Street

Fort Smith, Arkansas 72908

Phone: 479-782-1125

Email: Hyman@ArkansasLawKing.com

**CERTIFICATE OF SERVICE**

I, W. Whitfield Hyman, state that I have served the foregoing pleading on the Defendant's counsel via the electronic filing system on this 17th day of February, 2026.