**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JUSTIN MacHENRY** **PLAINTIFF**

**v.** **CASE NO: 4:26-CV-00126-BSM**

**COLIN LILLARD** **DEFENDANT**

**PLAINTIFF'S RULE 26 INITIAL DISCLOSURES**

Comes the Plaintiff, Justin MacHenry, by and through undersigned counsel, and for his Rule 26 Initial Disclosures, states:

Plaintiff has not completed discovery or preparation for trial in this action. The information contained herein and any documents identified, described, or produced are based only upon information presently available to Plaintiff and is provided in a good-faith effort to comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure. These initial disclosures are, therefore, made without prejudice to Plaintiffs right to produce, pursuant to the Federal Rules of Civil Procedure, any information which may subsequently be discovered or determined to be relevant to the subject matter of this action. These initial disclosures should not be construed as prejudicing or in any way limiting Defendant with respect to any further discovery.

These disclosures are made subject to any and all objections, including but not limited to, competency, materiality, relevancy, propriety, admissibility, or any other grounds that would require their exclusion in any proceeding. Any and all such objections and grounds are expressly reserved and may be interposed at the time of the trial or any other stage of this action.

Plaintiff generally asserts the attorney-client privilege and the work product doctrine as to any and all relevant documents that may exist and that are subject to these privileges. To the extent that any of these disclosures contain or refer to matters otherwise protected from discovery

by any one or more of these privileges, no waiver is intended, nor is any waiver intended as to any other matters that are or may be subject to such protections or otherwise privileged, nor is the relevancy of any such matter conceded.

Except for the explicit facts stated in these disclosures, no incidental or implied admissions are intended. Plaintiff has submitted these disclosures solely in compliance with Rule 26(a)(1), and these disclosures are solely for the purpose of and in relation to this action.

Individuals likely to have discoverable information:

1. Named parties;
2. Jacob Phillips, City Attorney;
3. Chief Joshua Titsworth, Dover Police Chief;
4. Mayor Roger Lee;
5. Deputy Marshal Roger Wright;
6. Pope County Deputy Brian Coleman;
7. Vonna Marpel, Dover District Court Clerk;
8. Renee Nelson, clerk;
9. Christina Walker, clerk;
10. Rebekka Standridge, clerk;
11. Virginia Dotson, witness;
12. Dylan Duos;
13. Ethan Parker;
14. Stephane Ferry;
15. Plaintiff's Dentist
16. Cody Duos

20. David Patterson
21. Titsworth's Daughter
22.Pottsville Police Chief Prittchard

17. Any witness disclosed in discovery; and

18. Any witnesses needed for rebuttal.

19. Joe Paterak

Plaintiff reserves the right to amend this list as discovery progresses.

**A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Undersigned counsel is aware of multiple videos created by the Plaintiff, Stephane Ferry, Dylan Duos and Cody Duos. The Plaintiff has in his possession all or most of these videos listed except the videos of the Duos brother's potentially, also the listed witnesss could theoretically have videos that Mr. MacHenry does not know about. There is the existence of the police report, the state district court record, and the circuit court record. A court reporter has testimony from the District Court Trial.

**Documents and other tangible items which may be used to support a claim or defense:**

1. Relevant portions of upcoming depositions in this case;

2. Relevant pleadings filed in this case;

3. Relevant admissible portions of Defendant's responses to discovery;

4. Any and all relevant admissible documents furnished by and/or to Defendant pursuant

to discovery requests;

5. Videos relating to the incident forming the basis of Plaintiff's Complaint;

6. Citizen Complaints and compliments related to this incident;

7. Relevant portions of criminal files of Plaintiff; and

8. Medical records of Plaintiff.

**Expert witness disclosures:**

At this time, Plaintiff has not engaged an expert witness to testify in these proceedings. However, both police chiefs referenced in the witness list (Paterak and Prittchard) have issued verbal opinions that we may compel them to testify to. They stated that the force used was excessive.

**For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

None.

Respectfully

submitted,

**PLAINTIFF**

BY: */s/ W. Whitfield Hyman*

W. Whitfield Hyman, 2013237
Attorney for Plaintiff
300 N 6th Street,
Fort Smith, AR 72901
TELEPHONE: (479) 318-0345
EMAIL:
Hyman@ArkansasLawKing.com

**CERTIFICATE OF SERVICE**

I, W. Whitfield Hyman, hereby certify that on June 3, 2026, that a true and correct copy of the above and foregoing has been served upon the attorney(s) of record as referenced below, via the electronic filing system.

M. Keith Wren

*/s/ W. Whitfield Hyman*
W. Whitfield Hyman